UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA M. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:  1:12-cv-0602-DML-TWP |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## Decision on Judicial Review

Plaintiff Rebecca M. Richards applied in February 2006 for Disability Insurance Benefits (DIB) and Supplemental Security Income disability benefits (SSI) under Titles II and XVI, respectively, of the Social Security Act, alleging that she has been disabled since January 1, 2002.  On January 14, 2010, the Appeals Council remanded a decision by an ALJ that Ms. Richards is not disabled, and directed the ALJ to resolve numerous issues that were not addressed or were insufficiently explained in his decision.  (R. 40-43).  On remand, the ALJ held two hearings, on March 8, 2010, and August 12, 2010, and subsequently issued a decision dated January 28, 2011, that Ms. Richards is not disabled.  The Appeals Council denied review of the ALJ's second decision on April 10, 2012, rendering the ALJ's decision for the Commissioner final.  Ms. Richards timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.  The

parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Ms. Richards raises three assertions of error. As a threshold matter, she argues that remand is required because she did not validly waive her right to counsel at the two hearings before the ALJ. If the court rejects that contention, she argues that the ALJ's step three decision is not supported by substantial evidence and that the RFC, and its embedded credibility determination, is erroneous because her GAF scores below 50 prove that Ms. Richards cannot work.

For the following reasons, the Commissioner's decision is AFFIRMED.

## Analysis

**A.     The ALJ's failure to advise Ms. Richards properly regarding her right to counsel does not require remand.**

Ms. Richards appeared without counsel at both the March 8, 2010 and August 12, 2010 hearings. The ALJ was therefore required to ensure that Ms. Richards had made an informed choice to waive her right to counsel. *Thompson v. Sullivan,* 933 F.2d 581, 584 (7th Cir. 1991)  The hearing transcripts reveal that he did not do so, and thus her statement at the first hearing that she was willing to proceed without a lawyer was not a valid waiver of her right to counsel. In *Binion v. Shalala,* 13 F.3d 243 (7th Cir. 1994), and again in *Skinner v. Astrue,* 478 F.3d 836, 841-42 (7th Cir. 2007), the Seventh Circuit explored the effect of an invalid waiver of the right to counsel. In that circumstance, the Commissioner bears the burden to demonstrate that the record was fully developed. If the Commissioner does so, then a remand is not required unless the claimant rebuts the Commissioner's showing by

"demonstrating prejudice or an evidentiary gap" or that the "ALJ failed to elicit all of the relevant information from the claimant." *Binion,* 13 F.3d at 245.

The Commissioner has met her burden to show that the record was fully and fairly developed. The administrative record exceeds 1200 pages and contains (1) objective medical evidence, including treatment notes and opinions from treating, examining, and non-examining psychologists and physicians and (2) transcripts from three separate hearings, at which Ms. Richards, medical experts, and a vocational expert testified. Ms. Richards's rebuttal is that the medical expert's testimony was supposedly "contrary to all of the treatment and examination evidence" and "in need of thorough cross examination by an attorney." (Dkt. 26 at pp. 3-4). This argument is speculative and conclusory. Ms. Richards does not explain how the expert's testimony was "contrary to all the treatment and examination evidence" or what additional evidence she believes may have been elicited from the expert under "thorough cross examination." To rebut the Commissioner's showing, Ms. Richards was required to identify specific facts or medical evidence that were not before the ALJ. *Binion,* 13 F.3d at 246. "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Id.*

The court now turns to Ms. Richards's arguments that the ALJ's substantive decision is erroneous. She argues that the ALJ erred in failing to find at step three that Ms. Richards is presumptively disabled by mental retardation and depression, and that the ALJ's RFC failed properly to account for all of her mental limitations.

**B. The ALJ's determination at step three is <u>supported by substantial evidence</u>.**

The Social Security Administration has compiled a Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, which are medical conditions defined by criteria that the SSA has pre-determined are disabling. If a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to all the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Kastner v. Astrue,* 697 F.3d 642, 647 (7th Cir. 2012); *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

Ms. Richards contends that the medical evidence "proved" that she met the requirements of listing 12.05C (mental retardation) or 12.04 (affective disorders). But because the ALJ's decision at step three is supported by substantial evidence, the court may not reverse his decision. Judicial review of the Commissioner's (or ALJ's) factual findings is deferential, and the court must affirm if no error of law occurred and if the findings are supported by evidence that a reasonable person would accept as adequate to support a conclusion. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001).

### 1. Listing 12.05C

Listing 12.05C requires, generally, (a) significantly subaverage general intellectual functioning with deficits in adaptive functioning; (b) evidence that the impairment initially manifested before age 22; (c) a valid verbal, performance, or full scale IQ score of 60 through 70; and (d) a physical or another mental impairment that imposes an additional and significant work-related limitation of

function.  Ms. Richards contends that because there is evidence of IQ scores within the listing's requirement[1] and that she suffers from depression in addition to low intellectual functioning, she is therefore presumptively disabled.  She does not, however, grapple with the opinion of the medical expert on which the ALJ relied that her relatively high level of adaptive functioning indicated that listing 12.05C was not met.  Dr. Larry Kravitz testified at the August 2010 hearing that based on his evaluation of the record, Ms. Richards *functions* above the level of mild mental retardation that some of her IQ scores otherwise might indicate.  (R. 1193).  He discussed that while Ms. Richards was limited academically, she has a history of independently managing many activities of daily living and is fairly social.  (R. 1193-1194).  *See Novy v. Astrue,* 497 F.3d 708, 710 (7th Cir. 2007) (explaining that "deficits in adaptive functioning" "denotes inability to cope with the challenges of ordinary everyday life," and thus requires a qualitative judgment regarding the claimant's functioning).

In Dr. Kravitz's judgment, listing 12.05C was not implicated, and Ms. Richards's low intellectual functioning was more appropriately analyzed under listing 12.02 (organic mental disorders).  (R. 1196).  This was the same judgment— that 12.02 was implicated by the evidence rather than 12.05—that was made by a medical expert at the first hearing on Ms. Richards's applications.  (R. 1139-1142).

---

[1]     Ms. Richards underwent IQ testing several times.  As the ALJ noted, in testing when Ms. Richards was 10 or 11 years old, she scored higher than 70.  (R. 14, noting a verbal score of 78, performance score of 85, and full scale score of 80).  Fifteen years later, as an adult, Ms. Richards' scores were verbal of 74, performance of 69, and full scale of 69.  (R. 16).  Another four years later, Ms. Richards' scores were verbal of 67, performance of 74, and full scale of 67.  (R. 19).

Dr. Kravitz's expert evaluation of the evidence and testimony, upon which the ALJ placed great weight (*see* R. 20), provides sufficient support for the ALJ's decision that Ms. Richards's low intellectual functioning did not render her presumptively disabled.

2.  Listing 12.04

Ms. Richards's assertion that the ALJ's evaluation of her mental impairments against listing 12.04 is erroneous also fails. The ALJ evaluated Ms. Richards's mental impairment against the four B criteria under this listing. He determined that Ms. Richards's abilities with respect to activities of daily living, social functioning, and concentration, persistence, and pace were all *moderately* limited because of her mental impairments, and that she had suffered one to two episodes of decompensation but not repeated episodes of extended duration as described in the B criteria. These findings are supported by Dr. Kravitz's expert testimony at the August 2010 hearing (R. 1197), as well as numerous other medical opinions in the record. Dr. Thomas, the psychologist who testified at the first hearing (*see* R. 1136-1155), and several non-examining state agency psychologists also opined that Ms. Richards did not have any marked limitations, and therefore did not meet listing 12.04. (R. 721, 738, 767, 777). Without *marked* difficulties in any of the three functional areas, and because Ms. Richards had not suffered repeated episodes of decompensation, she did not meet listing 12.04.

Ms. Richards does not point to any particular deficiency in the ALJ's analysis. Rather, she relies on a mental status examination in 2006 by state agency

psychologist Dr. Marilyn Nathan as proof that her emotional functioning generally is deficient and then points to various GAF scores of 50 and below as proof that she met the listing.  As to the first matter, Dr. Nathan did not opine regarding the mental impairment listings, and the ALJ did not ignore her mental health status evaluation or determine that Ms. Richards does not suffer from serious mental impairments.  As to the second, Ms. Richards cites no authority, and the court is aware of none, that GAF scores are proxies for marked difficulties in any of the B factors.  GAF scores are intended to assist a clinician's formulation and implementation of a mental health treatment plan; they are not proxies for deciding disability under the Social Security Act.  *Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010); *Wilkins v. Barnhart,* 69 Fed. Appx. 775 at *4 (7th Cir. 2003) (cited by *Denton)* (stating that ALJ was not required to mention a GAF score of 40 because a GAF score is designed to influence treatment decisions and not to measure disability under the Social Security Act).

Ms. Richards has failed to demonstrate that the ALJ's step three analysis is without substantial evidentiary support.

C.   **The ALJ's RFC and credibility determination are supported by substantial evidence.**

The ALJ determined that, based on the totality of the evidence, Ms. Richards's mental impairments must be accommodated by a work setting that is only mildly to moderately stressful and in which she is required to perform only simple and repetitive tasks requiring minimal independent judgment or analysis. The work must have static goals and its functions taught by visual demonstration.

In addition, Ms. Richards should have no contact with the public and only occasional, superficial contact with coworkers and supervisors after her initial training period. A vocational expert testified that a significant number of jobs in the relevant economy were available fitting this RFC and Ms. Richards's vocational profile.

Ms. Richards attacks the ALJ's analysis on the basis that her below-50 GAF scores required the ALJ to formulate an RFC and evaluate her credibility differently because those scores establish that she cannot work. Because GAF scores are not proxies for disability and Ms. Richards does not otherwise demonstrate that the ALJ's functional restrictions cannot be sustained by the evidence upon which the ALJ relied, she has not shown any error requiring remand.

## Conclusion

The court owes substantial deference to the Commissioner's evaluation of the evidence. It cannot decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Because the Commissioner's decision is based on a reasoned evaluation of the evidence, her decision is AFFIRMED.

So ORDERED.

Date: 09/27/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system